Next case on the calendar, Chris H. Good morning. Thank you, Your Honor. Good morning. You'll have, as you know, four minutes and then two minutes in rebuttal, and your adversaries will each have three minutes. Please proceed, sir. Yes. So, Your Honor, this is a civil rights case wherein, as an African American, my rights were violated. So to begin with, I was arrested in my home based on order of protection, which is an instrument of the state. No warrant was established, so I'm relying on the case of Payton v. New York, where this Court rules that without a warrant, there is no cause for an arrest. Now, there's not a probable cause issue because an order of protection to remove me from my house could never result in a warrant because that would violate my Fourth Amendment. So the District Court did not review this under these standards, so I'm asking this Court to review that based on your own ruling of being arrested in my own home based on an instrument from the state, which would have never amounted to a warrant. You understand that, sir, that what we need to do as a matter of course, as a Court, is to establish whether we have jurisdiction. Yes. That's the first thing. Okay. So in other words . . . I will argue that, Your Honor. . . . we can't get to the merits until we have jurisdiction, and so the question for us and for you is whether the District Court's orders of July 5th and August 14th, 2017 leave open the disposition of your pending request to amend your complaint. Your Honor, it's my opinion, Your Honor, it's my opinion that that issue's a closed issue just based on the rule of this Court. It's a warrantless arrest. Whether the District Court decide the matter or don't decide the matter, this Court has jurisdiction for that case because it is . . . You have to determine, you know, you have to show that the Court below has conclusively determined all the pending claims of all the parties to the litigation before it can come up to us properly on appeal. Your Honor, I think they have established that it is a closed issue because they're arguing qualified immunity for every single person in this case. So therefore, the issue is closed on that Court because they're going to arrest on that argument. So therefore, I'm asking this Court to review the entire case based on those qualified immunity as a closed issue. So I'm asking this Court to review this as a closed final issue on appeal. I also want to ask the Court that, being that these are procedural issues, that because I'm a pro se, procedural issues should not defeat my opportunity to come before this Court to plead my case for review under constitutional issues. So . . . Of course, Mr. H., it will . . . it's a question of timing, right, whether you can plead your issues to the Court now or whether it has to be after all the issues are resolved completely by the district court. I gather here that when the order came out dismissing your claims, a judgment was issued to you with a notice saying, here's how you appeal . . .  Correct. . . . the circuit, and you follow that, and then once the lower court, district court acted on your letter saying, here's what I want to argue with respect to Monell, the district judge said, I'll hear that once you come back from appeal. So, there's sort of nothing you could have done differently in that context. Right. So the context is, it was a closed issue no matter what I do, and even if it were to go back to the lower court, it's going to be so narrow that the only argument I have is, it's a warrantless arrest, this Court has already made that decision in Payton v. New York, there's really nothing more to decide, it's either it was a violation or not a violation. So to me, this Court can review that just based on that basis, and I followed the appeal process that says, if the case is finalized, even based on a warrantless arrest, then it's grounds for an appeal, without even looking at the underlying issues, it's clear that it's . . . You did file a letter making additional facts with respect to your Monell claim, your municipal liability claim, that the district court hasn't acted on yet. I wrote the letter afterwards, but I was referencing that the facts already exist in the appendix, appendix A, appendix B, and appendix C that clearly states, no warrant was for the arrest, it was an instrument that cannot supersede a warrant, it's already in there. So basically I was pointing to the fact that either you've missed it, or it was overlooked, but it's right there in my appendix. Plus, I added, in the appendix, where I have a domestic violence, I'm a victim of domestic violence, just like the Me Too movement, where the report is right there, the police report that says you cannot arrest someone if they're in the database as a victim of domestic violence. So I point to the court that how could you overlook these instruments to say there's not enough reasonable cause why this cannot be appealed? It doesn't make sense. The evidence is right there. I should have not been arrested three weeks after completing a domestic violence report, barring the fact that you could not get a warrant to remove me from my house, from any judge, in any court, would never do that. So my argument is you do have jurisdiction on this case that I can proceed. Thank you. That's it, or could I continue? You'll have two minutes for a rebuttal. So the rebuttal . . . No, you wait for the other side, and then you'll have two minutes. Sir, you can sit over there. You can sit right at the . . . well, you can move right next to . . . Yeah. Perfect. May it please the Court, Mark Rube for the State of New York. The threshold issue, as we stated in our letter, this court lacks jurisdiction under Section 1291 because of the sequence of events in the district court's orders and plaintiff's letter, and then subsequent filing of a notice of appeal. Because of that, we seek a limited remand for the district court to resolve the issue of a plaintiff's letter, and then that will conclusively resolve all the issues in this appeal, and then this court will have jurisdiction to hear it. So that Mr. H. would be able to appeal to this court, but what's required in your view is a final determination by the district court of the remaining matters. That's correct, because the district court did have the authority under Rule 62.1 to indicate what its ruling would be on plaintiff's request to amend the complaint, but a fair reading of the district court orders reveals that the district court deferred consideration pending this appeal, and it would be inefficient for this court to resolve the matter now, potentially have the district court re-evaluate Monell claims . . . . . . It's not an efficiency question, is it? Right. No. It's . . . Jurisdictional question. Correct. Yeah, the jurisdictional . . . It's a trick bar. It should probably go the other way. Efficiencies would be resolving it right now, but because it's a complete bar, the jurisdiction, this court cannot hear the appeal right now. I'm happy to address the merits briefly if the court would like, but otherwise, I will rest if there are no questions. Thank you. Thank you. Good morning, Your Honors. Barbara Graves. Ms. Pollard from the New York City Law Department for the City Appellees. As set forth in our letter already submitted to the court, we agree with the arguments for non-finality that the state defendants have presented. I just want to focus on one additional point about the futility, because that's the issue that's outstanding. The court issued a decision on July 5th dismissing Mr. H's complaint, and the judgment that was subsequently entered docketed the motion to dismiss order, but didn't fully capture the district court's resolution of Mr. H's request for leave to amend. The opinion made very clear that with respect to all of the claims that were time barred or barred by the Rooker-Feldman doctrine, which encompassed almost all of the complaint that allowing leave to amend would be futile, but just with respect to the one Monell issue, it left that open, and so, Your Honor, I believe it was Judge Katzmann asked whether or not Mr. H will be able to come back and appeal, and that's still an open question. I'm sorry. The open question is whether or not Mr. H will be able to amend with respect to that issue, and then once that is resolved, he can potentially proceed, but that futility question is what's been left open. And he can proceed on all of the issues that were previously decided by the district court? He can proceed on all of those issues. Including any new resolution of the amendment claim? Yes, Your Honor. And unless there are any other questions, I will rest on our submissions. Thank you, Your Honor. I rely on the case that the State lost, which is People v. Novak, where the issue of whether or not a case is closed in terms of a Monell issue or whether a judge could review, it says it's a statutory, it is a constitutional question whether or not a case is closed based on a warrantless arrest. Whether I go back to the lower court or not, that question will still come back before you because the argument is still the case even without the merits. Without a warrant, it cannot be, it's definitely unconstitutional. And in the Novak case, which is People v. Novak by Judge Scheinman, he says even though the State did not violate any statutory rights by not reviewing that, they're saying that any issue that is constitutional in nature can be taken to the appeal, even in the interim or supplemental because this decision rests on a constitutional issue that's violated. Whether the lower court or this court has jurisdiction, the question remains the same and the argument remains the same. Is it a constitutional violation regardless of immunity, regardless of probable cause? Is it an warrantless arrest? Is a closed issue for this court, therefore you have jurisdiction over this matter and all matters that's in this. So in my opinion, it is a final order. The question is going to come back to this court. Is it constitutional for you to arrest me in my home? The answer for any court under Payton v. New York from this district is yes. I don't need to go back and get that written up in an order why you justices cannot review the case and all the case based on just that fact alone. It will come back here because I will bring it back here under that pretense that you do have jurisdiction over this case. Even if there's a minor point left, you can make the determination. I'm willing to take whatever decision you make based on that because if I go back, it's going to be so limited. It's not even worth even filing. So I'm asking this court to assume jurisdiction on this case. Thank you. Thank you all for your arguments. The court will reserve decision. The final case on the calendar, Unites v. Calaba is on submission. We will adjourn court. Just as a housekeeping matter, are there pre-law NYU students here? Okay. If you stay here, Michael Jordan will be coming out. He's our general counsel to the court and chief operating officer. So just sit tight and he'll be out in a few minutes. Thank you. Court is adjourned.